## Joseph Wise et al., Plffs. in Err., *v.* William Allen.

On an appeal from a justice of the peace, where a copy of the transcript is not exhibited to the supreme court that court will assume that the plaintiff's demand was within the jurisdiction of the justice.

In such a case where the common pleas compelled the plaintiff to limit his claim to an amount less than $300 and the verdict was for $63.34, no question of jurisdiction can arise.

(Argued March 5, 1888. Decided April 23, 1888.)

July Term, 1887, No. 81, E. D., before GORDON, Ch. J.,
PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Error
to the Common Pleas of Northampton County to review a judg-
ment in favor of the plaintiff on an appeal from a justice of
the peace, December Term, 1884, No. 11.  Affirmed.

This action was brought before a justice of the peace by
William Allen, to recover a balance claimed to be due on un-
settled accounts with Joseph Wise, Reuben Wise, and Hiram
Wise, trading as Wise Brothers.  The justice awarded judgment
for the plaintiff for $49.43.  The defendants thereupon ap-
pealed to the common pleas.  No copy of the transcript of the
justice appeared in the paper book of the plaintiffs in error.

At the trial before REEDER, J., the plaintiff claimed balances
due on three several contracts of $104.45, $83.04, and $167.80,
making a total of $355.29.  The defendants then asked the
court to dismiss the case, as it appeared that the claim was for
more than $300.  The court refused the application.  [1]

At the close of the plaintiff's case, his counsel offered to remit
the sum of $68 being the amount of certain credits given the
defendants for orders on them which the plaintiff had claimed
were not paid.  The court permitted the reduction [2] and re-
fused to enter a compulsory nonsuit.  [3]

The court charged, *inter alia,* as follows:

"This case comes here on an appeal from the decision of a
justice of the peace, and the defendants claim that it was not
within the jurisdiction of the justice of the peace as a matter
of law.  The question of the jurisdiction of the justice of the
peace is not a matter that can be settled in this proceeding.  If
a justice of the peace assumes jurisdiction over a subject-matter,
or over a claim the amount of which is greater than that where
the law gives him jurisdiction, the action of the justice must
be reviewed by a writ of certiorari, and not by an appeal.  There-
fore, the question whether the justice had jurisdiction or not is
not directly before us in this case.

"There is, however, a rule of law which provides that if upon
the trial of a case upon an appeal it there appears, the cause
of action being the same, that the claim submitted in the court
is larger than the sum over which the justice of the peace would
have jurisdiction, or if it is a subject-matter over which he

would not have had jurisdiction, then the court of common pleas, upon appeal, will not permit the entry of judgment. Therefore, we cannot review in this action the question whether the justice of the peace had jurisdiction over the case as submitted to him, or not. We can only pass upon the question whether the case, as submitted to us, would have been within the jurisdiction of the·justice of the peace if it had been presented there in the same way—the cause of action being the same before the justice.

"As the claim here is for less than $300, and as it therefore would have been within the jurisdiction of the justice of the peace, I say that it must be submitted to you for your action." [4]

Verdict for plaintiff for $63.34, and judgment thereon.

The assignments of error specified the action of the court: (1) In refusing to dismiss the appeal; (2) in allowing the plaintiff to remit part of his claim; (3) in overruling the motion for a nonsuit; and (4) the portion of the charge above set forth.

*P. C. Evans,* for plaintiffs in error.—As to jurisdiction an appeal is not *de novo.* If the question is as to the subject-matter it must be a matter over which the justice had jurisdiction and if as to amount it must be within the limit of his jurisdiction, and it must remain within his jurisdiction. It will not do for him to start with a claim within the jurisdiction of a justice by admitting false credits or omitting any items of charge. Collins v. Collins, 37 Pa. 390; Bower v. McCormick, 73 Pa. 427; Peter v. Schlosser, 81 Pa. 439; Stroh v. Uhrich, 1 Watts & S. 59; Walden v. Berry, 48 Pa. 457; Linton v. Vogel, 98 Pa. 457; Weidenhamer v. Bertle, 103 Pa. 449.

(No brief was filed for defendant in error.)

PER CURIAM:

As in this case the jurisdiction of the justice of the peace, before whom this suit was commenced, is called in question, it would have been well enough to exhibit to us a copy of the transcript. As it is, we must assume that the plaintiff's demand was within the jurisdiction of that officer. Moreover, as the judgment in the common pleas is but $63.34, and as on the

trial in that court the plaintiff was obliged to limit his claim to $287.29, we cannot see how the question of jurisdiction can arise.

The judgment is affirmed.